UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAHHIM EASTER,

        Petitioner,

v.                               CAUSE NO. 3:22-CV-113-DRL-MGG

WARDEN,

        Defendant.

### OPINION AND ORDER

Jahhim Easter, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-8-145) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery on staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of 180 days earned credit time and a demotion in credit class.

Mr. Easter formulates his claims as the insufficiency of the evidence to support a finding of guilty and the denial of surveillance video recording requested at screening. However, the common theme of these claims is that the conduct report charged him with battering Officer Shupperd on August 8, 2021, while the administrative record indicated that the battery occurred one day later, on August 9, 2021. Consequently, the court will first consider whether the conduct report provided adequate notice of the charges to Mr. Easter.

To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him

to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). According to the hearing report, Mr. Easter told the hearing officer, "The officer wrote the wrong date and time." ECF 7-4. This statement indicates that Mr. Easter understood that Officer Shupperd had made a typographical error with respect to the date and that Mr. Easter had correctly identified the incident to which the conduct report referred. Further, Mr. Easter offers no explanation as to how the incorrect date on the conduct report harmed his ability to defend against the charge of battery or how it otherwise amounts to more than harmless error. Therefore, the claim that Mr. Easter received inadequate notice of the charge is not a basis for habeas relief.

Having determined that Mr. Easter received adequate notice of the disciplinary charge, the court will now consider his habeas claims within that context. Mr. Easter argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He represents that Officer Shupperd extracted another inmate in response to the battery incident and initially believed that that inmate had battered him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which Officer Shupperd represents that Mr. Easter threw a shampoo bottle at his head when he refused to change his gloves when handling Mr. Easter's food. ECF 7-1. The administrative record also includes the video recording, which the court has reviewed and found to be consistent with the conduct report. ECF 7-6, ECF 12. The conduct report and the video recording constitute some evidence that Mr. Easter battered Officer Shupperd. Therefore, the claim that the administrative record lacked sufficient evidence to support a finding of guilt is not a basis for habeas relief.

Mr. Easter argues that he is entitled to habeas relief because he requested the surveillance video recording from August 8, 2021. Instead, correctional staff reviewed the surveillance video recording from August 9, 2021. ECF 7-6; ECF 12. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). That said, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The court finds that the August 8 recording would have had limited probative value given that, notwithstanding Officer Shupperd's typographical error, the charges concerned an incident that occurred on August 9. The court further finds that correctional staff responded reasonably by reviewing the August 9 recording instead. Because correctional staff responded reasonably to the request for video evidence, this claim is not a basis for habeas relief.

If Mr. Easter wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jahhim Easter leave to appeal *in forma pauperis*.

SO ORDERED.

June 14, 2022                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court